## MECHANICS' LIENS CAN NOT BE FORECLOSED IN PART.

Circuit Court of Cuyahoga County.

I. KOBLITZ & SON v. FLORENCE ORTH DUFFIE ET AL; AND
I. KOBLITZ & SON v. JOHN C. HAMILTON ET AL.*

Decided, June 8, 1906.

*Mechanic's Liens—A Lien Upon Several Distinct Houses and Lots Can Not be Foreclosed Upon One Parcel Only.*

Where liens have been filed upon several distinct lots and the build-ings upon them, for labor performed and materials furnished for all of them, but not under one general contract concerning those buildings only, the liens can not under favor of Section 3184, Revised Statutes, be foreclosed as against one lot only.

COOK, J. (sitting in place of Marvin, J.); WINCH, J., and HENRY, J., concur.

The actions are to foreclose two mechanics liens in part, and also to marshall the liens upon the property sought to be charged.

I. Koblitz & Son did a large amount of plumbing work upon a number of buildings situated upon lots fronting on Nantucket street and also upon a number of buildings situated upon Kensington street. These buildings were erected upon contiguous lots. Two liens were prepared and filed; one for materials and labor furnished and performed in doing the plumbing work upon the buildings on Nantucket street and the other for the material and labor furnished and performed in doing the plumbing work on the buildings on Kensington street. Each of these liens cov-ered several buildings and lots on each of the streets; while the action in each case is to foreclose the lien upon one of the build-ings and the lot upon which the building stands. The suit must be maintained under favor of either Section 3184 or Section 3184b for the reason that the Legislature having made provision for mechanic's liens and providing how the same may be obtained and enforced these provisions are exclusive.

*Affirmed without opinion, *Koblitz & Son* v. *Duffie*, 78 Ohio State, 419.

It must be conceded that under Section 3184 the contract under which the material and labor is furnished and performed must refer to the particular lot or land upon which the building stands. The lot or land need not be designated by any particular number or description but it must be the lot or land with which the building is connected and as part of the same premises. True, there may be one or more buildings but they must be upon the same lot or land and as part of the same premises.

In this case each building was situated upon a distinct lot and the lot and building was complete in itself, therefore the lien necessarily should have been taken out on each building and lot. Reliance is placed on Section 3184. It is, however, said that the liens can be supported and are effective under Section 3184d. That no doubt would be true if the contract under which the materials were furnished and labor performed came under the provisions of Section 3184d. It will be observed that this section supplements 3184, and it provides:

"When the improvement consists of two or more buildings united together and sitting upon the same lot or contiguous lots or upon separate buildings upon contiguous lots and erected under one general contract, it shall not be necessary to file a separate lien upon each building for the work done or material furnished on the erection of such improvements."

In order to make this section apply, the buildings must be erected under *one general contract* for the same. That is, the buildings must be erected under a contract that they are to be erected upon one lot. The word "general" refers to all the buildings to be erected, that is generally to the buildings, but there must be a contract in reference to the particular buildings and the particular lots.

The contract shown in these cases does not refer to any particular lot or lots, or whether the lots were contiguous or not. This contract, it is true, was general, entirely too general. The contract was to do all the plumbing work for James F. Stevens at any place in the city and of all character and description, and had no particular reference to these particular lots or buildings upon these two streets, and if the plaintiffs desire to secure themselves by the mechanic's lien it should have been taken

out upon each particular lot and building under Section 3184. We are also of opinion that the liens being taken out upon several lots and buildings contiguous, the action to foreclose the liens should have been upon all the premises included in each lien. We can not see how the rights of parties can be worked out otherwise. Different work was done upon the several buildings; payments were made; to what did the payments apply? In the liens much work is charged for not included in the buildings and not connected with any of the buildings. To what work shall these payments be made applicable? To work not connected with the buildings or to material and work performed on the building and if to the latter, which building?

The decree will be in favor of the defendants, dismissing the petitions of plaintiffs in each case. If the intervenors desire any finding and decree upon their cross-petitions they can have the entry so provide, as we understand that there is no contention between those parties.